Morphy, J.
This action is brought on a note executed in favor of the plaintiff by the defendant and Elias Boatner, in solido, for $1500, payable on the 1st of January, 1837, with ten per cent interest from the 8th of June, 1836. On the back of the note is the following endorsement: “ Received a draft upon the parish treasurer for $1500, due on the first of June next, which has been accepted by the treasurer, and, when paid, will be in full for that amount on this note. March 14 th, 1838.” This draft, which had been drawn by Elias Boatner in favor of the plaintiff, was accepted by the parish treasurer of East Feliciana, in the following words, to wit: “ Accepted, to be paid when in funds. March 14th, 1838and was paid on the 5th of April, 1841. The difficulty between these parties is in relation to the interest on the note, which the plaintiff claims up to the time the draft was actually paid; whilst it is contended by the defendant, that no interest is due from the 1st of June, 1838, when the draft matured, and when it must be presumed to have been paid, as it was neither protested, nor put in suit. Judgment was given below for the plaintiff, and the defendant has appealed.
The draft was not accepted absolutely, to be paid according to its tenor on the 1st of June, 1838 ; it was accepted by the trea *35 surer, to be paid when in funds, and had, therefore, no fixed period of maturity. If any presumption of payment could result from the want of protest or suit, such presumption is rebutted by the positive evidence that no payment was actually made, until the 5th of April, 1S41. It does not appear to us that the plaintiff was bound to protest the draft, as it is not shown that the condition under which the acceptance was made ever arrived, to wit: that there was in the parish treasury funds sufficient to pay the amount drawn on it. Both parties appear to have been aware of the insolvent state of the parish treasury. The draft or warrant had been accepted to be paid when in funds, before it was delivered to the plaintiff by Elias Boatner. She took it with this special acceptance, and gave credit for it on the back of the note, by stating that, “ said draft, when paid, would be in full for that amount, on the note.” The time when this amount would be paid was known to be uncertain. It is evident that the parties intended this order or warrant only as an assignment of the drawer’s claim against the parish, to be credited on the note whenever it should be paid, and never contemplated any protest or suit against the parish. We can view it in no other light. It is not a bill of exchange, as it is not payable absolutely and at all events, at any given time. Bailey on Bills, 14. The evidence shows, that the parish treasury was very much indebted; that the plaintiff presented Boatner’s order or warrant a number of times; and that at no period since it was given, was there a sufficiency of funds in the parish treasury to meet it. The warrant was paid on the 5th of April, 1841 ; but not with any funds in the treasury. It was taken up by one Robbins, a former collector, indebted to the parish, who gave it as money in payment of his debt. Under these circumstances, we think the Judge below decided correctly, in allowing credit for the draft only from the date of its actual payment; nor do we think that he erred in refusing to allow the defendant to ask a witness, whether the debt, in his opinion, could have been collected sooner, had the plaintiff brought suit against the Police Jury at the maturity of the obligation. Admitting that she could have sued the parish, under the terms of the acceptance, the answer of the witness would have expressed only his opinion as to the effect of such a *36 suit, and would have been, moreover, irrelevant testimony, not going to sustain defendant’s plea of payment, or to show the fulfilment of the condition under which the warrant had been accepted.

Judgment affirmed.